**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

LATESHA MORGAN                                                                                    PLAINTIFF

v.                                       NO.  4:07cv01116 WRW-JWC

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                                                      DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge William R. Wilson.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Plaintiff, Latesha Morgan, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits and Supplemental Security Income, based on disability.  Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Plaintiff alleged that she was limited in her ability to work due to her back and carpal tunnel syndrome.  (Tr. 314.)  Her main problem was the carpal tunnel syndrome.  (Tr. 305.)  The Commissioner found that she was not disabled within the meaning of the Social Security Act.  The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting two administrative hearings, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social

---

[1] The Hon. David J. Manley.

Security Act at any time through February 22, 2007, the date of his decision.[2] (Tr. 18.) On September 25, 2007, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 4-6.) Plaintiff then filed her complaint initiating this appeal (doc. 2).

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 30 years old at the time of the first hearing.[3] (Tr. 306.) She is a high school graduate with two years of college. Id. She has past relevant work as a machine operator in a video tape factory. (Tr. 11, 131-34, 145-47, 153-54.)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. He found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 12.) He found that Plaintiff had mild bilateral carpal tunnel syndrome and mild thoracic scoliosis. Id. He found that she had a "severe" impairment, but that she did not have an impairment or combination of impairments that met or equaled a Listing. Id. He judged that Plaintiff's subjective allegations were not borne out by the overall record and not fully credible to the extent alleged. (Tr. 16.)

The ALJ found that Plaintiff retained the residual functional capacity for a wide range of light work that did not require her to engage in repetitive handling of objects with both hands; she could occasionally use both hands for gross manipulations, but not on a

---

[2] The ALJ noted that there had been two prior applications denied August 25, 2004, and not appealed. He found those decisions res judicata. (Tr. 11.)

[3] There was a second, supplemental, hearing. (Tr. 334-351.)

3

repetitive basis.  (Tr. 16-17.)  He found that she was unable to perform her past relevant work.  (Tr. 17.)  Based on the testimony of a vocational expert witness in response to a hypothetical question, the ALJ found that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding her limitations, for example, inspector, tester, sorter, sampler and weigher or hotel clerk.  Id.  Consequently, the ALJ concluded that Plaintiff was not disabled.  Id.

Plaintiff argues that the ALJ's determination of her residual functional capacity is not supported by substantial evidence.  (Br. 2-16.)  Plaintiff relies on a Medical Source Statement of Ability to Do Work-related Activities (Physical) completed by R. Stephen Tucker, M.D., her treating physician.  (Br. 8-9, 16.)  Dr. Tucker noted his opinion that Plaintiff was very limited and could occasionally and frequently lift and/or carry less than ten pounds, stand and/or walk less than two hours in an eight-hour workday, sit less than about six hours in an eight-hour workday and pushing and/or pulling was limited in upper extremities.  (Tr. 281-82.)  When asked what medical/clinical finding(s) support those exertional limitations, Dr. Tucker did not cite his own medical records, but the records of back and hand specialists.  (Tr. 282.)  He also identified postural, manipulative and environmental restrictions.  (Tr. 282-84.)  Although the form asked for medical/clinical findings to support those conclusions, he left those questions blank.  Id.

The ALJ noted Dr. Tucker's assessment, but found no support in the medical record for that degree of restriction.  (Tr. 15.)  That is a recognized basis for discounting a doctor's opinion.  See Krogmeier v. Barnhart, 294 F.3d 1019, 1023 (8th Cir. 2002)(treating physician's opinion not entitled to substantial weight unless well supported by medically acceptable clinical and laboratory diagnostic techniques, and consistent with other

substantial evidence).

Residual functional capacity checklists like the one filled out by Dr. Tucker, although admissible, are entitled to little weight in the evaluation of disability. E.g., Taylor v. Chater, 118 F.3d 1274, 1279 (8th Cir. 1997); O'Leary v. Schweiker, 720 F.2d 1334, 1341 (8th Cir. 1983); see Cantrell v. Apfel, 231 F.3d 1104, 1107 (8th Cir. 2000)(discounting treating physician's two pages of checked boxes devoid of illuminating examples, descriptions or conclusions).

Furthermore, Dr. Tucker's assessment is inconsistent with Plaintiff's own rendition of her activities of daily living. Plaintiff completed a Function Report - Adult dated December 2004. (Tr. 121-28.) She indicated that she prepared three meals a day for her three children. (Tr. 123.) Plaintiff noted that she drove and went out alone. (Tr. 124.) She regularly went to church and school events. (Tr. 125.) In a Disability Supplemental Interview Outline dated November 2003 (Tr. 144), Plaintiff indicated that she groomed without assistance, but could only do those things for so long; changed sheets, vacuumed/swept and took out the trash;[4] she shopped for groceries[5] and clothes and completed banking errands (Tr. 140); she prepared meals, including sandwiches, frozen dinners, meats, vegetables and desserts; used a checkbook and counted change; drove, walked for exercise; attended church, listened to the radio and read (Tr. 141). As the ALJ noted, Plaintiff was in college when she alleged that she became disabled (Tr. 306), and remained in college for another two years, all the while raising three children (who were eleven, nine and five at the time of the first hearing) all by herself. (Tr. 13.) That level of

---

[4]She answered both "yes" and "no" to a number of items.

[5]Tr. 321.

activity is simply inconsistent with the restrictions attributed by Dr. Tucker.  See Besler v. Sullivan, 963 F.2d 176, 178 (8th Cir. 1992)(doctor's report discounted because it was inconsistent with claimant's testimony).

Dr. Tucker completed the medical source statement July 27, 2006, approximately two weeks before the first hearing.  (Tr. 284, 300.)  Plaintiff did not see him again until one week before the second hearing, January 9, 2007.  (Tr. 341.)  One would expect more regular treatment for someone in the degree of pain that Plaintiff said she suffered.  Pain is largely subjective; thus, in evaluating pain, an ALJ must rely on circumstantial evidence. Bentley v. Shalala, 52 F.3d 784, 786 (8th Cir. 1995).  Complaints that are inconsistent with the evidence as a whole, including medical reports and daily activities, may be discredited by the ALJ.  Clark v. Chater, 75 F.3d 414, 417 (8th Cir. 1996).

It should be noted that neither of the specialists that Plaintiff saw placed any restrictions on her activities.  See Raney v. Barnhart, 396 F.3d 1007, 1010 (8th Cir. 2005) (none of claimant's treating physicians offered opinion she was so impaired or disabled she could not work any job); Hensley v. Barnhart, 352 F.3d 353, 357 (8th Cir. 2003)(no functional restrictions on activities is inconsistent with claim of disability); Depover v. Barnhart, 349 F.3d 563, 567 (8th Cir. 2003)(ALJ may consider absence of such opinion by treating physicians); Baldwin v. Barnhart, 349 F.3d 549, 557 (8th Cir. 2003)(none of claimant's independent physicians restricted or limited his activities); Tennant v. Apfel, 224 F.3d 869, 871 (8th Cir. 2000)(absence of physician ordered restrictions).

It is also worth noting that Plaintiff had applied for jobs and apparently interviewed for some.  (Tr. 349.)  A record of contemplating work shows Plaintiff did not view her pain as disabling.  Bentley v. Shalala, 52 F.3d 784, 786 (8th Cir. 1995).  An intention to work

tends to prove that a claimant is able to work.  Naber v. Shalala, 22 F.3d 186, 188 (8th Cir. 1994).

Plaintiff's argument seeks to place the burden of proof on the Commissioner.  It is the claimant's burden, and not the Social Security Commissioner's burden, to prove the claimant's residual functional capacity.  Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Masterson v. Barnhart, 383 F.3d 731, 737 (8th Cir. 2004).

It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearings and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  Richardson v. Perales, 402 U.S. at 401; see also Reutter ex rel. Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final determination of the Commissioner be affirmed and that Plaintiff's complaint be dismissed with prejudice.

DATED this 24th day of November, 2008.

_____
UNITED STATES MAGISTRATE JUDGE